IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


GLEN GRACE, # 312989           *
               Plaintiff,
   v.                     *    CIVIL ACTION NO. RDB-06-2551

LINDA TRISCH             *
            Defendant.

                     *
                ******

## <u>MEMORANDUM OPINION</u>


Before the Court is  a *pro se*  42 U.S.C. § 1983 complaint for injunctive relief filed by

Glen Grace, an inmate at the Maryland Correctional Training Center, alleging that  he has been

denied  medical treatment for glaucoma, his vision is blurred, and he is at risk to go blind.  Grace

claims that defendant Linda Trisch[1] is preventing him from going to ophthalmologist

appointments.  As relief, Grace requests to see an "eye doctor" and receive medication and

treatment.  Complaint at 4.  He also requests monetary sanctions against Trisch.  The Office of

the Attorney General of Maryland, by its attorneys, has filed a response with verified exhibits.[2]

The records show that Grace is being scheduled for the follow-up appointment he requests and

he is receiving medications for his conditions.  Emergency injunctive relief is not warranted.[3]

---

[1]      Linda Tritsch, R.N. is the Nurse Manager for Correctional Medical Services, the contractual health care provider for the Maryland Correctional Training Center.  Affidavit of Linda Trisch.  *See also* State Exhibit 2.

[2]      On October 10, 2006, the Court issued an Order to Show Cause requiring the Office of the Attorney General of Maryland to response within fourteen days in light of the serious questions raised in the Complaint concerning Plaintiff's health.

[3]      To the extent Grace intends to continue this action as a 42 U.S.C. § 1983 claim for constitutionally inadequate medical care, he may amend the Complaint within thirty days and file a Reply to the State's Response.

The Court will direct the Clerk to provide a copy of the Complaint and State Response to Correctional Medical Services ("CMS"), Defendant's employer. Counsel shall promptly notify the Court whether service of process will be accepted on behalf of the named Defendant.

## I.    Factual Background

The State's exhibits show that Grace is a 57-year-old African American male with a history of Primary Open Angle Glaucoma, diabetes, and coronary artery disease.  He has been treated many times by ophthalmologists at the University of Maryland Medical Center.  State Exhibit B, pp. 1-22.  The treatment provided includes several different eye drop medications known to benefit glaucoma patients and three surgeries. *See id.* pp. 3, 12, 15, Exhibit 1 at para. 6. On May 11, 2005, physicians performed an argon laser trabeculosplasty of his left eye.  State Exhibit B, at 3, 12, 15, Exhibit 1 para. 6.   Grace has two other conditions that could be affecting his vision, a cataract developing in his left eye and mild non-proliferative diabetic retinopathy.[4] *See id.* pp. 8, 18, Exhibit 1 para. 7.

 Grace was last evaluated by University ophthalmologists on March 3, 2006, and arrangements are being made for another follow-up consultation.[5]  State Exhibit B, pp. 22-24. Exhibit 1 at para. 9.   The State records also indicate that Grace has at times been non-compliant with use of his eye drops and refused ophthalmologist appointments.  Exhibit B, pp. 22, 24, Exhibit 1 at para. 8.

Based on the facts in these records, the Court finds that Grace is being provided with the follow-up medical care he is seeking in his Motion for Injunctive Relief.  As to the allegations

---

[4]      Diabetic retinopathy is damage to the retinal blood vessels.  Non-proliferative diabetic retinopathy is an early stage of diabetic retinopathy in which the retinal blood vessels leak blood or fluid.   Exhibit 1 at n. 4.

[5]      The Court will direct the State to provide a status report within twenty days to indicate the date on which the eye appointment has been scheduled.

made against Linda Trisch, she categorically denies preventing Grace from receiving follow-up medical care. Affidavit of Linda Tritsch.

## II. Injunctive Relief

In order to obtain injunctive relief, the following criteria must be satisfied: (i) the likelihood of irreparable harm if the preliminary injunction is denied; (ii) the likelihood that Defendant will not be harmed if the requested relief is granted; (iii) the likelihood of success on the merits; and (iv) the public interest will be served. *See Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977); *Yakus v. United States*, 321 U.S. 414 (1944).   Under this standard, and upon review of the verified medical records provided to the Court, issuance of emergency injunctive relief is not warranted because Grace is being provided with the follow-up medical care he requests in the Motion for Injunctive Relief.

## III. Conclusion

A separate Order consistent with this Memorandum Opinion will be entered denying the Motion for Injunctive Relief, quashing the Order to Show Cause, and directing the Clerk to mail a copy of the Complaint to Correctional Medical Services.  Grace will be granted an additional thirty days to amend the Complaint, if he so intends, to continue this action under 42 U.S.C. § 1983.

October 25, 2006                              /s/
DATE                                               RICHARD D. BENNETT
                                                      UNITED STATES DISTRICT JUDGE